JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 22-2197 JGB (SHKx)** | Date | February 17, 2023 |
|---|---|---|---|
| Title | *Parisa Mills v. Donald Ronald Bechen* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 12);
(2) REMANDING the Case to the Riverside Superior Court; and
(3) VACATING the February 27, 2023 Hearing (IN CHAMBERS)

Before the Court is Plaintiff Parisa Mills's ("Plaintiff" or "Ms. Mills") motion to remand. ("Motion," Dkt. No. 12.) The Court finds the Motion appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion, **REMANDS** the case, and **VACATES** the February 27, 2023 hearing.

## I. BACKGROUND

On February 22, 2022, Plaintiff filed a complaint against Defendant Donald Ronald Bechen ("Defendant") and Does 1 through 10 in the Riverside Superior Court. ("Complaint," Dkt. No. 4-1.) In the Complaint, Plaintiff alleges that on or about February 28, 2020, Defendant raped her in his home. (Id. ¶¶ 11–23.) Plaintiff now asserts two causes of action for (1) assault and battery and (2) intentional infliction of emotional distress. (Id. ¶¶ 24–36.) On April 6, 2022, Defendant answered in state court. ("Answer," Dkt. No. 4-2.)

On November 17, 2022, Plaintiff served a response to Defendant's request for a statement of damages. ("Statement of Damages," Dkt. No. 4-3.) The Statement of Damages specified that Plaintiff is seeking general damages in the amount of $50,000 for pain, suffering and inconvenience and $50,000 for emotional distress; special damages for medical expenses, future medical expenses, loss of earnings, and loss of future earning capacity; and punitive damages in the amount of $1,000,000. (Id.) On December 12, 2022, Defendant removed the

case to this Court.  ("Notice of Removal," Dkt. No. 1.)  In support of the Notice of Removal, Defendant submitted a declaration of William S. Waldo and three exhibits.  ("Waldo Decl.," Dkt. No. 4; "Waldo Exs. 1–3," Dkt. No. 4-1–3.)

On January 5, 2023, Plaintiff, proceeding pro se, filed this motion to remand to state court.  (Motion.)  On January 12, 2023, Plaintiff submitted a declaration stating, "I was never seeking damages in the amount of $75,000 or greater."  ("Mills Decl.," Dkt. No. 16.)  On January 30, 2023, Defendant opposed the Motion.  ("Opposition," Dkt. No. 19.)

## II.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal district courts have original jurisdiction over civil actions in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading.  28 U.S.C. § 1446(b)(1).  If the case stated by the initial pleading is not removable, a party may file a notice of removal within thirty days of receipt of a "copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Id. § 1446(b)(3).  The Ninth Circuit has described this statute as providing "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper from which it may be ascertained that the case is one which is or has become removable."  Harris v. Bankers Life and Casualty Co., 425 F.3d 689, 692 (9th Cir. 2005).

Removal statutes are to be strictly construed, Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam), and the party seeking removal bears the burden of proving its propriety, Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  See Abrego v. Dow Chem. Co., 443 F.3d 676, 683–85 (9th Cir. 2006); see also California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) ("[T]he burden of establishing federal jurisdiction falls to the party invoking the statute[.]").  "[A]ny doubt about the right of removal requires resolution in favor of remand."  Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus, 980 F.2d at 566).

## III.  DISCUSSION

Plaintiff argues that removal was untimely because Defendant filed a notice of removal more than thirty days after receipt of the initial pleading.  (Motion at 4.)  Defendant responds that Plaintiff failed to comply with Local Rule 7-3 and that Defendant's removal was timely

because the notice was filed within thirty days of when removal was ascertainable. (Opposition at 2–8.) The Court addresses each of Defendant's arguments in turn.

### A.     Local Rule 7-3

Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion." L.R. 7-3. Defendant claims that Plaintiff's counsel never contacted his counsel, Bononi Law Group, LLP ("BLG"), regarding the Motion. (See Waldo Decl. ¶¶ 2–3.) Apparently, Plaintiff is proceeding pro se and attempted to contact BLG herself, but neglected to file a notice of withdrawal of counsel before doing so. (See id. ¶¶ 5–6; Dkt. No. 21.) Believing Plaintiff was represented by counsel, BLG attorneys refused to speak with her. (See Waldo Decl. ¶ 5.) Defendant urges the Court to deny the Motion based on Plaintiff's failure to comply with Local Rule 7-3. (Opposition at 2–3.)

However, if a party is not prejudiced as a result of noncompliance with Local Rule 7-3, the Court may consider the merits of the motion. See, e.g., CarMax Auto Superstores Cal. LLC v. Hernandez, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015) ("Failure to comply with the Local Rules does not automatically require the denial of a party's motion, . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply."); Wilson-Condon v. Allstate Indem. Co., 2011 WL 3439272, at *1 (C.D. Cal. Aug. 4, 2011) ("[Defendant] does not appear to have suffered any prejudice from Plaintiff's failure to meet and confer sufficiently in advance, and [Defendant] was able to prepare and submit an opposition. Thus, it appears that no prejudice will result if the Court considers the motion to remand on the merits notwithstanding Plaintiff's failure to comply with Local Rule 7–3."); De Walshe v. Togo's Eateries, Inc., 567 F. Supp. 2d 1198, 1205 (C.D. Cal. 2008) ("[T]he Court finds that any potential violation of Local Rule 7-3 did not prejudice Plaintiff and the Court exercises its discretion to evaluate Defendant's motion on its merits."). Here, Defendant does not contend that he suffered prejudice as a result of Plaintiff's noncompliance with Local Rule 7-3. The Court finds that a timely conference between the parties would have been unlikely to resolve the dispute. Defendant was able to provide a substantive opposition to the Motion and has not sought additional time to brief the issues. Accordingly, the Court concludes that Defendant has not been prejudiced by Plaintiff's failure to abide by Local Rule 7-3. Denying Plaintiff's Motion on this basis alone would cause unnecessary delay without benefit to the parties or the Court.

### B.     Propriety of Removal

Federal courts have original jurisdiction of civil actions where the matter in controversy exceeds $75,000, and is between citizens of different states. 28 U.S.C. § 1332. To protect the jurisdiction of state courts, removal statutes are strictly construed *in favor* of remand. See Padilla v. AT&T Corp., 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009) (citing Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005)). The strong presumption against removal jurisdiction means that the "defendant always has the burden of establishing that removal is

proper." Gaus, 980 F.2d at 566 (internal quotation marks and citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted).

While Defendant devotes much of his Opposition and Notice of Removal to demonstrating the timeliness of his removal based on when the amount in controversy was ascertainable, he neglects to provide any evidence of his citizenship. The Complaint alleges that Defendant is a citizen of California. (Complaint ¶ 2.) The Notice of Removal states for the first time that Defendant is a citizen of the Washington, but attaches no declaration or document proving so. (Notice of Removal ¶ 8.) Thus, Defendant has not shown by a preponderance of the evidence that the Court has diversity jurisdiction over this case. See Gaus, 980 F.2d at 566.

28 U.S.C. § 1447(c) requires that a motion to remand "based on any defect in removal procedure must be made within 30 days after the filing of the notice of removal[.]" However, "[i]f it any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. Plaintiff filed the Motion on January 5, 2023, within thirty days of the Notice of Removal. (See Motion; Notice of Removal.) Since Plaintiff's Motion was timely under Section 1447(c), the Court need not decide whether Defendant's lack of evidence regarding his citizenship is a procedural or a jurisdictional defect. Cf. Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 942 (9th Cir. 2006). Accordingly, the Court holds that Defendant's removal is improper and **GRANTS** Plaintiff's Motion.

## IV.   CONCLUSION

For the reasons above, the Court **GRANTS** the Motion and **REMANDS** the case to the Riverside Superior Court. The February 27, 2023 hearing and the March 6, 2023 scheduling conference are **VACATED**. The Clerk is directed to close the case.

**IT IS SO ORDERED.**